UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IINN, INC.,

Plaintiff,                                    Case No. 14-cv-12503

v.                                            UNITED STATES DISTRICT COURT JUDGE
                                              GERSHWIN A. DRAIN

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,                            UNITED STATES MAGISTRATE JUDGE
                                              DAVID R. GRAND
Defendant.

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO
STRIKE ANY EVIDENCE PRESENTED BY PLAINTIFF FOR NOT FILING RULE 26 DISCLOSURES
OR A WITNESS LIST AND/OR TO COMPEL ANSWERS TO INTERROGATORIES AND REQUEST
FOR PRODUCTION OF DOCUMENTS [15], AND ISSUING AMENDED SCHEDULING ORDER**

## I. INTRODUCTION

IINN, Inc. ("Plaintiff") is a Michigan corporation and medical provider that commenced
the instant action against State Farm Mutual Automobile Insurance Company ("Defendant") in
the Wayne County Circuit Court on June 4, 2014. *See* Dkt. No. 1-2 at 1-6. In the Complaint,
Plaintiff contends that Defendant breached its contract by failing to pay personal protection
benefits to Plaintiff for services Plaintiff provided to one Lawrence Sprague. *See id.* at ¶ 17.
Plaintiff provided services to Mr. Sprague by helping Mr. Sprague recover from injuries he
suffered as a result of a vehicle accident on March 17, 2013. *See id.* at ¶ 5.

Plaintiff asserts that it provided Mr. Sprague with "reasonable and necessary" medical
services from the period of June 7, 2013 through September 5, 2013. *See id.* at ¶¶ 11-12. As a
result, Plaintiff sought a declaratory judgment from the Wayne County Circuit Court that Mr.
Sprague is entitled to No-Fault benefits within the meaning of the Michigan No-Fault Act, MCL

-1-

500.30101 *et seq.*, pursuant to MCR 2.605(1). *See id.* at ¶¶ 5, 22. Defendant properly removed this action from the Wayne County Circuit Court to this Court on June 25, 2014 pursuant to 28 U.S.C. § 1446. *See* Dkt. No. 1.

Defendant filed an Answer to the Complaint with Affirmative Defenses on September 2, 2014. *See* Dkt. No. 3. The Court conducted a Scheduling Conference with the parties on November 20, 2014 and issued a Scheduling Order for this case on November 24, 2014. *See* Dkt. No. 6. Presently before the Court is Defendant's Motion to Strike any Evidence Presented by Plaintiff for not Filing Rule 26 Disclosures or a Witness List and/or to Compel Answers to Interrogatories and Request for Production of Documents [15].

Plaintiff filed a Response to the Motion on May 26, 2015, but Defendant failed to file a Reply in accordance with the Local Rules. *See* E.D. Mich. L.R. 7.1(e)(1)(c). Despite Defendant's failure to file a Reply, the Court concludes that oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve the Motion on the briefs as submitted, and cancel the June 15, 2015 hearing scheduled for 11:00 A.M. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons discussed herein, the Court will **GRANT** in part and **DENY** in part Defendant's Motion to Strike and/or Compel [15], and amend the Scheduling Order.

## II. DISCUSSION

### A. LEGAL STANDARD

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e)," Rule 37 of the Federal Rules of Civil Procedure explains that "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357, 396 (6th Cir. 2010).

-2-

The Rule 37 sanction "is mandatory unless there is a reasonable explanation of why Rule 26 was not complied with or the mistake was harmless.'" *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transport,* 596 F.3d 357, 370 (6th Cir. 2010) (quoting *Vance ex rel Hammons v. United States,* 182 F.3d 920 (6th Cir. 1999)). The burden is on the potentially sanctioned party to prove the failure was harmless and avoid automatic sanctions. *See Everlight Electronics, Co. v. Nichia Corp.*, No. 12-CV-11758, 2014 WL 3925276, at *5 (E.D. Mich. Aug. 12, 2014) (citing *R.C. Olmstead, Inc. v. CU Interface, LLC,* 606 F.3d 262, 271 (6th Cir. 2010)); *see also El Camino Res., Ltd. v. Huntington Nat. Bank*, No. 1:07-CV-598, 2009 WL 1228680, at *2 (W.D. Mich. Apr. 30, 2009) (citing *Roberts ex rel. Johnson v. Galen of Virginia, Inc.,* 325 F.3d 776, 782 (6th Cir. 2003)).

"[D]espite the mandatory language of the rule," this Court notes that "the appellate courts continue to insist that [exclusion pursuant to Rule 37(c)(1)] falls within the sound discretion of the trial court." *El Camino Res., Ltd.*, 2009 WL 1228680, at *2 (citing *Roberts ex rel. Johnson,* 325 F.3d at 782); *accord Design Strategy, Inc. v. Davis,* 469 F.3d 284, 297 (2d Cir. 2006) (stating that preclusion remains discretionary, even where nondisclosing party has not met its burden to show that violation was justified or harmless);  *see also Pride v. BIC Corp.,* 218 F.3d 566, 578 (6th Cir. 2000) ("[Trial] courts have broad discretion to exclude untimely disclosed expert-witness testimony."); *McCarthy v. Option One Mortgage Corp.,* 362 F.3d 1008, 1012 (7th Cir. 2004) ("[trial] courts enjoy broad discretion in controlling discovery."); *S. States Rack & Fixture, Inc. v. Sherwin–Williams Co.,* 318 F.3d 592, 597 (4th Cir. 2003) (stating trial courts have "broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis"); *Laplace–Bayard v. Batlle,* 295 F.3d 157, 162 (1st Cir. 2002) ("[Trial] courts have broad discretion in meting out Rule 37(c)

sanctions for Rule 26 violations."); *Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 953 (10th Cir. 2002) ("The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the [trial] court.").

In determining whether nondisclosure is harmless, courts look at a number of factors, but the principal factor is whether the opponent will be prejudiced or surprised. *See, e.g., El Camino Res., Ltd.*, 2009 WL 1228680, at *2 (citing *David v. Caterpillar, Inc.,* 324 F.3d 851, 857 (7th Cir. 2003)). The Advisory Committee Comments to Rule 37 note that "[l]imiting the automatic sanction to violations without substantial justification,' coupled with the exception for violations that are 'harmless,' is needed to avoid unduly *harsh* penalties in a variety of situations[.]" Fed. R. Civ. P. 37 Advisory Committee Notes, 1993 Amends. (emphasis added).

## B. LEGAL ANALYSIS

Defendant brings the instant Motion pursuant to Rules 26, 33, 34, and 37 of the Federal Rules of Civil Procedure. *See* Dkt. No. 15 at ¶ 1. In the Motion, Defendant argues that Plaintiff has failed to (1) respond to Defendant's Interrogatories and Request for Production of Documents, (2) file Plaintiff's Rule 26 disclosures, (3) file a Witness List, and (4) provide dates for the depositions of Plaintiff's employees. *See* Dkt. No. 15 ¶¶ 3, 5, 6, 8.

As a result of Plaintiff's actions, Defendant requests that this Court preclude "Plaintiff from using any information or witnesses at the time of trial[.]" Dkt. No. 15 at 3. In the alternative, Defendant requests that the Court enter an Order:

[1] Compelling Plaintiff to answer Defendant's Interrogatories and Request for Production of Documents within 7 days or, in the event that no answers are forthcoming, dismiss this action pursuant to the provisions of FRCP 37(b)(2)(A)(v);

[2] [Waiving a]ll of Plaintiff's objections [ ] pursuant to the provisions of FRCP 33(b)(4);

[3] Award[ing] [ ] Defendant costs and reasonable attorney fees for filing and attending to this Motion pursuant to the provisions of FRCP 37; and

[4] Amend[ing] the Scheduling Order to extend discovery and all other pertinent dates for a period of 90 days so that Defendant can properly evaluate Plaintiff's late disclosed claims.

Dkt. No. 15 at 3-4.

In its Response, Plaintiff does not dispute that it has failed to timely respond to certain discovery requests put forth by the Defendant. As such, the Court finds that Plaintiff does not meet its burden of explaining that the failure to abide by the Federal Rules was justified. Indeed, seemingly acknowledging fault, Plaintiff does not request that the Court deny Defendant's Motion in whole, but instead requests that this Court "deny Defendant's Motion to Strike and grant its Motion to adjourn dates." Dkt. No. 17 at 3.

Plaintiff requests that the Court grant Defendant's Motion in part because Plaintiff contends that its failure to timely respond to Defendant's discovery requests was harmless. According to Plaintiff, Defendant has "substantially all of the records and all of the bills at issue in this case before the formal production of documents was completed[.]" Dkt. No. 17 at 2. Moreover,  Plaintiff asserts that Defendant has already conducted "a series of depositions" in this case, and that Defendant's arguments that it has been prejudiced and did not have crucial information vital to this case are "disingenuous" and "dubious, at best." *See* Dkt. No. 17 at 5.

While the Plaintiff has not put forth the most compelling argument that its disclosure was harmless, the Court will **DENY** Defendant's request for this Court to preclude Plaintiff from using any information or witnesses at the time of trial. The Court will use its broad discretion to find that the harsh penalty of excluding information and witnesses is not warranted. *See* Fed. R. Civ. P. 37 Advisory Committee Notes, 1993 Amends.; *Pride v. BIC Corp.,* 218 F.3d at 578; *Design Strategy, Inc.,* 469 F.3d at 297.

-5-

Furthermore, after considering the arguments put forth by the parties, the Court will **DENY** Defendant's request for reasonable attorney fees pursuant to Rule 37 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 37(a)(5)(c) ("If the motion is granted in part and denied in part, the court . . . *may*, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.") (emphasis added).

However, the Court will not simply ignore Plaintiff's unjustified, untimely, and incomplete responses to Defendants' discovery requests. In light of the Plaintiff's actions, the Court will **GRANT** Defendant's Motion in part by (1) compelling Plaintiff to answer Defendant's Interrogatories and Request for Production of Documents, (2) waiving Plaintiff's objections to the interrogatories pursuant to the Rule 33(b)(4) of the Federal Rules of Civil Procedure because good cause has not been shown, and (3) amending the Scheduling Order.

### III. CONCLUSION

For the reasons discussed, the Court **HEREBY GRANTS** in part and **DENIES** in part Defendant's Motion to Strike and/or Compel [15].

Plaintiff is **HEREBY ORDERED** to answer Defendant's Interrogatories and Request for Production of Documents **within 7 days** from the entry of this Opinion and Order.  In the event that Plaintiff does not provide said answers, the Court will take appropriate action pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure.

Moreover, any of Plaintiff's potential objections to Defendant's interrogatories are **HEREBY WAIVED** pursuant to Rule 33(b)(4) of the Federal Rules of Civil Procedure.

Lastly, in light of the continued discovery that must take place in this case, **IT IS HEREBY ORDERED** that the following dates will govern this case:

| YOU WILL RECEIVE NO FURTHER NOTICE OF THESE DATES | |
|---|---|
| Witness Lists Filed By: | July 23, 2015 |
| Discovery Cutoff: | September 3, 2015 |
| Dispositive Motion Cutoff: | October 1, 2015 |
| Case Evaluation:[1] | November of 2015 |
| Settlement Conference before Magistrate Judge David R. Grand: | January of 2016 |
| Motions *in Limine* due: | January 14, 2016 |
| Final Pretrial Order due: | February 4, 2016 |
| Final Pretrial Conference: | February 11, 2016 at 10:00 a.m. |
| Trial Date: | February 22, 2016 at 9:30 a.m. |
| Jury Demand | |
| Estimated Length of Trial: 4 half days | |

I.     **TIME**.  Computation of time under this order and under any notice of any scheduling order or notice in this case shall be in conformity and accordance with Federal Rule of Civil Procedure 6(a).

II.     **DISCOVERY**.  Discovery shall be completed on or before the date set forth in the scheduling order.  The court will not order discovery to take place subsequent to the discovery cutoff date.  The discovery deadline may be extended by filing a stipulation with the court only if the extension of time does not affect the dispositive motion cut-off, final pretrial conference or trial dates.  Extensions or adjournments of all other dates will only be considered upon the filing of a timely written motion for good cause shown. Local Rule 26.2 generally prohibits filing discovery materials with the Clerk.  Violation of this rule may result in sanctions.

III.     **FINAL PRETRIAL CONFERENCE AND FINAL PRETRIAL ORDER**.  The Final Pretrial Order must be submitted through the document utilities function of the CM/ECF on or before the date set by this order.  All witnesses must be listed in the Final Pretrial Order.  Witnesses may only be added to the Final Pretrial Order by stipulation of the parties and leave of court.   Counsel shall follow the procedure outlined below to prepare for the final pretrial conference and the Final Pretrial Order:

---

[1]  The parties may submit the case to facilitation in lieu of case evaluation. A proposed stipulated order referring case to facilitation shall be submitted to the Court via the utilities function on CM/ECF no later than July 9, 2015. The proposed order must identify the facilitator and the date set for facilitation.  Facilitation must occur no later than November 31, 2015.

A.     Counsel for all parties are directed to confer in person (face to face) at their earliest convenience in order to (1) reach any possible stipulations narrowing the issues of law and fact, (2) deal with non-stipulated issues in the manner stated in this paragraph, and (3) exchange documents that will be offered in evidence at trial.  It shall be the duty of counsel for plaintiff to initiate that meeting and the duty of opposing counsel to respond to plaintiff's counsel and to offer full cooperation and assistance.  If, after reasonable effort, any party cannot obtain the cooperation of opposing counsel, it shall be his or her duty to communicate with the court.  The Final Pretrial Order shall fulfill the parties' disclosure obligations under Federal Rule of Civil Procedure 26(a)(3), unless the Judge orders otherwise.  All objections specified in Rule 26(a)(3) shall be made in this order.  Counsel for plaintiff shall prepare a draft Final Pretrial Order and submit it to opposing counsel, after which all counsel will jointly submit the proposed order.  The Final Pretrial Order should provide for the signature of the court, which, when signed, will become an Order of the court.  The proposed Final Pretrial Order shall strictly comply with the requirements of Local Rule 16.2.

   **\* Pursuant to Local Rule 16.2(b)(9), any objection based on foundation or authenticity will be deemed waived if not raised before trial.**

B.     The following persons shall personally attend the final pretrial conference:

   1)  Trial counsel for each party;
   2)  All parties who are natural persons;
   3)  A representative on behalf of any other party;
   4)  A representative of any insurance carrier that has undertaken the prosecution or  defense of the case and has contractually reserved to itself the ability to settle the action.

Representatives must possess full authority to engage in settlement discussions and to agree upon a full and final settlement.  "Personal attendance" by each party is not satisfied by (1) trial counsel professing to have full authority on behalf of the client or (2) a party being available by telephone.

IV.   At least ONE WEEK prior to the beginning of trial, counsel shall furnish to the court the following:

A.     In jury cases, any requests for VOIR DIRE, proposed JOINT JURY INSTRUCTIONS and the VERDICT FORM.  The parties shall file with the court a single set of proposed, stipulated jury instructions and a single, proposed verdict form.  The instructions are to be typewritten and double spaced and shall contain references to authority (e.g., "Devitt and Blackmar, Section 11.08").  Additionally, each party shall separately file any additional proposed instructions to which any other party objects.  The parties must make a concerted, good faith effort to narrow the areas of dispute and to discuss each instruction with a view to reaching an agreement as to an acceptable form.

       B.       In a non-jury case, proposed <u>FINDINGS OF FACT</u> and <u>CONCLUSIONS OF LAW.</u>

       C.       A statement of claims or defenses, no longer than two pages, suitable to be read to the jury during opening instructions.

V.      **EXHIBITS**.  Counsel are required to mark all proposed exhibits in advance of trial.  Plaintiff's exhibits shall use numbers and Defendant's exhibits shall use letters.  A consecutive number and lettering system should be used by each party. The parties are required to exchange marked exhibits three days prior to the start of trial. Counsel are also required to maintain a record of all admitted exhibits during trial.  See attached exhibit form.  Counsel for each party must keep custody of that party's admitted exhibits during trial.  A party who objects to this provision must file a written objection prior to jury selection.

VI.     **JUDGE'S COPIES.**  A paper copy of electronically filed motions, briefs, attachments, responses, replies, proposed Final Pretrial Order, and proposed Joint Jury Instructions (with disc) MUST be delivered directly to the Judge's chambers and labeled Judge's copy.

VII.    The court will not allow counsel not admitted in the Eastern District to practice upon a special motion.  All inquiries regarding admission to this district must be directed to the Clerk's office at (313) 234-5005.

VIII.   **LOCAL COUNSEL**.  An attorney admitted to practice in the Eastern District of Michigan who appears as attorney of record and is not an active member of the State Bar of Michigan must specify local counsel with an office in this district.  Local counsel must enter an appearance and otherwise comply with Local Rule 83.20(f).

       SO ORDERED.

Dated: June 9, 2015

                                 /s/Gershwin A Drain
                                 HON. GERSHWIN A. DRAIN
                                 United States District Court Judge

---

CERTIFICATE OF SERVICE

Copies of this Order were served
upon attorneys of record on
June 9, 2015, by electronic mail.

/s/ Tanya Bankston
Deputy Clerk

---

HONORABLE GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE
231 W. LAFAYETTE #1013
DETROIT, MI 48226

PHONE: (313) 234-5215        FAX: (313) 234-5219
CASE MANAGER:                Tanya Bankston

| | |
|---|---|
| CONFERENCES | Scheduling conferences held after answer filed and scheduling order issued.  Status conference held as needed or requested.  Settlement conference before Magistrate Judge assigned to the case required. |
| MOTIONS | Hearings held on most motions.  Proposed orders shall be attached to the motion, as well as submitted through the document utilities function of the CM/ECF.  Strict compliance required with Local Rules 7.1 and 65.1. |
| DISCOVERY | Discovery shall be completed on or before the date set forth in the scheduling order. |
| MEDIATION | Civil cases referred after discovery cut-off and parties are encouraged to stipulate in writing to be bound by mediation sanctions.  It is not necessary, however, that sanctions be included in the stipulation. |
| PRETRIAL | Final Pretrial Order generally due one week before final pretrial conference.  Witnesses may only be added to the final pretrial order by stipulation of the parties and leave of court.  Final pretrial conference usually held two weeks prior to trial, parties and/or persons with settlement authority must be present. |
| TRIAL | Attorneys are responsible to ascertain the status of the trial date.  Marked exhibits are to be exchanged three (3) days prior to trial.  Benchbook of exhibits is required.  If trial briefs are required by the court, they must be filed one (1) week prior to trial.  File motions *in limine* no later than four (4) weeks prior to the final pretrial conference.  Trial is usually held 9:00 a.m. to 4:00 p.m. daily. |
| NON-JURY | Submit proposed findings of fact/conclusions of law, one (1) week prior to trial. |
| JURY | Voir dire by court.  Submit proposed voir dire one (1) week prior to trial.  Proposed joint jury instructions and verdict form due one (1) week prior to trial.  Judge's courtesy copy and disc required. |

**PLAINTIFF'S EXHIBITS**
**DEFENDANT'S EXHIBITS**

| EXHIBIT NO. | DESCRIPTION | DATE OFFERED | OBJECTED TO | RECEIVED |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |